# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
February 3, 2005 Session Heard at Nashville

## STATE OF TENNESSEE v.  STEVEN RAY THACKER

**Automatic Appeal from the Court of Criminal Appeals**
**Circuit Courts for Dyer and Lake Counties**
Dyer County No. C00-54; Lake County No. 01-CR-8238    R. Lee Moore, Jr., Judge

---

**No.  W2002-01119-SC-DDT-DD - Filed April 27, 2005**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the conclusion of the majority that Thacker's conviction should be affirmed.  As to the sentence of death, however, I respectfully dissent.  I continue to adhere to my view that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty.  See Tenn. Code Ann. § 39-13-206(c)(1)(D) (1995 Supp.).  I have repeatedly expressed my displeasure with the current protocol since the time of its adoption in State v. Bland, 958 S.W.2d 651 (Tenn. 1997).  See State v. Thomas, ___S.W.3d ___, ___, 2005 WL 502961 (Tenn., Mar. 4, 2005) (Birch, J., concurring and dissenting); State v. Faulkner, 154 S.W.3d 48, 64 (Tenn. 2005) (Birch, J., concurring and dissenting); State v. Robinson, 146 S.W.3d 469, 529 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Leach, 148 S.W.3d, 42, 68 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davis, 141 S.W.3d 600, 632 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Berry, 141 S.W.3d 549, 589 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Holton, 126 S.W.3d 845, 872 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davidson, 121 S.W.3d 600, 629-36 (Tenn. 2003) (Birch, J., dissenting); State v. Carter, 114 S.W.3d 895, 910-11 (Tenn. 2003) (Birch, J., dissenting); State v. Reid, 91 S.W.3d 247, 288-89 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Austin, 87 S.W.3d 447, 467-68 (Tenn. 2002) (Birch, J., dissenting); State v. Stevens, 78 S.W.3d 817, 852 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. McKinney, 74 S.W.3d 291, 320-22 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431-32 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Stout, 46 S.W.3d 689, 720 (Tenn. 2001) (Birch, J., concurring and dissenting); Terry v. State, 46 S.W.3d 147, 167 (Tenn. 2001) (Birch, J., dissenting); State v. Sims, 45 S.W.3d 1, 23-24 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn. 2000) (Birch, J., dissenting).  As previously discussed, I believe that the three basic problems

with the current proportionality analysis are that: (1) the proportionality test is overbroad,[1] (2) the pool of cases used for comparison is inadequate,[2] and (3) review is too subjective.[3] I have previously discussed, in depth, my perception that these flaws undermine the reliability of the current proportionality protocol. See State v. Godsey, 60 S.W.3d at 793-800 (Birch, J., concurring and dissenting). I continue to adhere to my view that the current comparative proportionality protocol is woefully inadequate to protect defendants from the arbitrary or disproportionate imposition of the death penalty.[4] Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

_____

ADOLPHO A. BIRCH, JR.

---

[1] I have urged adopting a protocol in which each case would be compared to factually similar cases in which *either* a life sentence or capital punishment was imposed to determine whether the case is more consistent with "life" cases or "death" cases. See State v. McKinney, 74 S.W.3d at 321 (Birch, J., concurring and dissenting). The current protocol allows a finding proportionality if the case is similar to existing *death penalty* cases. In other words, a case is disproportionate only if the case under review "is plainly lacking in circumstances consistent with those in similar cases in which the *death penalty* has been imposed." Bland, 958 S.W.2d at 665 (emphasis added).

[2] In my view, excluding from comparison that group of cases in which the State did not seek the death penalty, or in which no capital sentencing hearing was held, frustrates any meaningful comparison for proportionality purposes. See Bland, 958 S.W.2d at 679 (Birch, J., dissenting). This case, in particular, is a prime example of the arbitrariness of this protocol.

[3] As I stated in my concurring/dissenting opinion in State v. Godsey, "[t]he scope of the analysis employed by the majority appears to be rather amorphous and undefined–expanding, contracting, and shifting as the analysis moves from case to case." 60 S.W.3d 759, 797 (Tenn. 2001) (Birch, J., concurring and dissenting).

[4] I also note that in a July 2004 study conducted by the State Comptroller on the costs and the consequences of the death penalty, one of the conclusions was that prosecutors across the state are inconsistent in their pursuit of the death penalty, a fact that also contributes to arbitrariness in the imposition of the death penalty. See John G. Morgan, Comptroller of the Treasury, Tennessee's Death Penalty: Costs and Consequences 13 (July 2004), *available at www.comptroller.state.tn.us/orea/reports*.